UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with
D.N.J. LBR 9004-2(c)

ABELSON & TRUESDALE
By: Steven J. Abelson, Esq.
ID # SA 7987
80 West Main Street
P.O. Box 7005
Freehold, New Jersey   07728
Attorney for Debtor

In re

DIANA WAHER-SALA,

    Debtor.

Order Filed on June 21, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 13

Case No. 19-33261

Hon. Christine M. Gravelle

**STIPULATION AND CONSENT ORDER RESOLVING OBJECTION OF NEW JERSEY DIVISION OF TAXATION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby ORDERED.

**DATED: June 21, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor: Diana Waher-Sala
Case No. 19-33261 (CMG)
Stipulation and Consent Order Resolving Objection of New Jersey
Division of Taxation to Debtor's Motion to Extend Automatic Stay

WHEREAS, the debtor Diana Waher-Sala ("Debtor"), and creditor, State of New Jersey, Division of Taxation ("Taxation"), by and through its counsel, Gurbir S. Grewal, Attorney General of New Jersey (Valerie Hamilton, Deputy Attorney General, appearing), wish to enter into the following stipulation and consent order pertaining to the Debtor's motion ("Motion") to enforce and/or extend the automatic stay to include Lil Sprouts Educational Center, Inc. ("Lil Sprouts") [ECF Doc No. 24];

WHEREAS, on February 10, 2020, Taxation filed a priority proof of claim against Debtor in the amount of $1,437.72, which claim is identified as Claim 19-1 on the claims register of this case;

WHEREAS, Debtor is the sole shareholder of Lil Sprouts;

WHEREAS, Lil Sprouts has liabilities to Taxation totaling $3,711.66, consisting of post-petition claims of $807.57, secured claims of $1,501.32, priority claims of $1,075.63, and general unsecured claims of $327.14;

WHEREAS, Lil Sprouts' liabilities to Taxation have not been included in any proof of claim filed against the Debtor by Taxation, nor are such claims provided for in Debtor's Chapter 13 plan ("Plan");

Page 3
Debtor: Diana Waher-Sala
Case No. 19-33261 (CMG)
Stipulation and Consent Order Resolving Objection of New Jersey
Division of Taxation to Debtor's Motion to Extend Automatic Stay

WHEREAS, Lil Sprouts' failure to make all required state tax payments when due has caused Taxation to take certain collection and enforcement actions against Lil Sprouts and its assets;

WHEREAS, the Motion proposes to extend the automatic stay of 11 U.S.C. § 362 to the non-debtor company, Lil Sprouts;

WHEREAS, the position of Taxation is that, absent Taxation's consent, the motion is improper because: (i) the assets of a debtor's wholly owned, non-debtor corporation are not part of a debtor's bankruptcy estate and, as a result, the automatic stay does not apply by its own terms; (ii) an extension of the automatic stay to a debtor's wholly-owned, non-debtor corporation (through 11 U.S.C. § 105(a) or otherwise) is unavailable and impermissible in Chapter 13 cases; and (iii) a request to extend the automatic stay to Lil Sprouts requires the initiation of an adversary proceeding; (iv) Debtor has not met her burden for obtaining such extraordinary relief as it pertains to Taxation; and (v) using Debtor's bankruptcy case to enjoin Taxation from collecting tax debts from Lil Sprouts is impermissible because Lil Sprouts' liabilities to Taxation are not, at present, being provided for in the Plan; and

Page 4
Debtor: Diana Waher-Sala
Case No. 19-33261 (CMG)
Stipulation and Consent Order Resolving Objection of New Jersey
Division of Taxation to Debtor's Motion to Extend Automatic Stay

WHEREAS, Taxation and Debtor have agreed to the terms and conditions by which Taxation will voluntarily forbear from taking collection action against Lil Sprouts and its assets.

NOW, THEREFORE, IT IS HEREBY STIPULATION AND ORDERED AS FOLLOWS:

1. Subject to the terms of this Order, Taxation withdraws its objection to the entry of an Order granting the Motion to extend the automatic stay to Lil Sprouts.

2. Taxation shall voluntarily forbear from taking collection action against Lil Sprouts and its assets so long as the following terms are met:

   a. Debtor's Plan shall provide for full payment of Taxation's priority claim against Debtor as follows: $1,437.72, plus post-confirmation interest of $301.00 (calculated at the governing statutory rate of 7.75%) for a total Plan payment on Claim 19-1 of $1,738.72.

   b. In addition to payment of Claim 19-1, the Plan shall provide for full payment of Lil Sprouts' post-petition administrative liabilities of $807.57 as an administrative expense.

   c. The Plan shall further provide for full payment of Taxation's secured claim against Lil Sprouts as follows:

Page 5
Debtor: Diana Waher-Sala
Case No. 19-33261 (CMG)
Stipulation and Consent Order Resolving Objection of New Jersey
Division of Taxation to Debtor's Motion to Extend Automatic Stay

$1,501.32, plus post-confirmation interest of $314.00 (calculated at the governing statutory rate of 7.75%) for a total Plan payment of $1,815.32.

    d.    The Plan shall further provide for full payment of Taxation's priority claim against Lil Sprouts as follows: $1,075.63, plus post-confirmation interest of $225.00 (calculated at the governing statutory rate of 7.75%) for a total Plan payment of $1300.63.

    e.    The Plan shall further provide for Taxation's general unsecured claim against Lil Sprouts to be treated consistent with other general unsecured claims against Debtor.

    f.    Debtor and Lil Sprouts shall timely file all required tax returns as and when they become due.

    3.    To the extent that (i) either Debtor or Lil Sprouts is in breach of any court order regarding its assets or liabilities, including, without limitation, Debtor's consent order with the Internal Revenue Service, or (ii) Debtor fails to abide by any of the foregoing terms and conditions and thereafter fails to cure such failure within five (5) business days after Taxation, its counsel or other authorized agent notifies Debtor's counsel of the same: (x) Taxation shall be

Page 6
Debtor: Diana Waher-Sala
Case No. 19-33261 (CMG)
Stipulation and Consent Order Resolving Objection of New Jersey
Division of Taxation to Debtor's Motion to Extend Automatic Stay

permitted to take any and all available collection and enforcement actions against Lil Sprouts or its assets with respect to any and all liabilities of Lil Sprouts to Taxation, and (y) Taxation shall not be subject to any stay order entered by the Court regarding Lil Sprouts or its assets.

4. For the avoidance of doubt, in the event of any inconsistency between this stipulation and consent order and any order granting the Motion, the terms of this stipulation and consent order shall control.

SO STIPULATED AND AGREED:

Dated: June 8, 2020

GURBIR S. GREWAL
Attorney General of New Jersey
Counsel for State of New Jersey,
Division of Taxation

By: _____
Valerie Hamilton
Deputy Attorney General
(NJ Bar ID # 018201995)

Dated: June 9, 2020

DIANA WAHER-SALA

_____